IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-cv-01027-RPM-MJW

CAPITAL STEEL INDUSTRIES, LLC

       Plaintiff,

v.

CAPITAL STEEL BUILDINGS, INC.

       Defendant,

v.

CAPTIAL STEEL INDUSTRIES, LLC, d/b/a CAPTIAL STEEL METAL BUILDINGS, CAPTIAL STEEL AND WWW.CAPITALSTEELINDUSTRIES.COM;
GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL AND GENERAL STEEL METAL BUILDINGS;
GENERAL STEEL, INC.; and
JEFFREY KNIGHT, Individually and in his official capacity as President, Chief Executive Officer, and owner of Capital Steel Industries, LLC, General Steel Domestic Sales, LLC and General Steel, Inc.

       Third Party Defendants.

## PROTECTIVE ORDER

This case may involve the production and disclosure during discovery and in proceedings before the Court of trade secrets or other proprietary, nonpublic, commercially sensitive, private or confidential information. In order to facilitate discovery and proceedings before the Court while protecting the parties' interests in maintaining the confidentiality of trade secret and other confidential business information, the Court orders as follows pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.      This Order shall govern the designation and handling of confidential information produced in discovery or disclosed in pre-trial hearings or other Court proceedings.

2.      Each of the parties named to the proceedings, and any third party from whom the production of documents or information is sought in connection with this civil action, may hereafter designate, subject to the terms of this Order, any material produced or disclosed by such party or third party, or any portion of such material, as (a) "CONFIDENTIAL" or (b) "ATTORNEYS' EYES ONLY," as those terms are defined in Section 3 below. In addition, any party to this proceeding may designate material produced or disclosed by any other party or third party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the designating party has a good faith basis for claiming that such material constitutes confidential information of the designating party and otherwise satisfies the requirements for designation pursuant to this Order.

3.      The terms shall have the following meanings:

   a. The "CONFIDENTIAL" designation may be used for material or information that the designating party in good faith contends is confidential and that, if disclosed, would cause the designating party to suffer economic or other harm. Dissemination of material designated "CONFIDENTIAL" shall be limited as provided in Paragraph 8.

   b. The "ATTORNEYS' EYES ONLY" designation may be used for competitively sensitive information including, without limitation: trade secrets; source code; competitively sensitive confidential business or financial information such as costs, margins, profitability and expenses with respect to any product or feature; design specifications or drawings for products or features, customer lists; know-how; proprietary data; financial information;

and confidential contracts or agreements. Dissemination of material designated "ATTORNEYS' EYES ONLY" shall be limited as provided in Paragraph 9.

4. For purposes of written or documentary material, a designation pursuant to this Order shall be made by placing the terms (a) "CONFIDENTIAL" or (b) "ATTORNEYS' EYES ONLY" on each and every page of such material. Any material not reduced to documentary, tangible or physical form which cannot be conveniently designated by placement thereon of the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be designated in a writing delivered to all Counsel of Record that identifies the material and whether it is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5. With respect to deposition, hearing or trial testimony of any person, such testimony may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" through an oral designation on the record after which the designated portion of the transcript shall be treated for all purposes as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (as the case may be) under this Order.

6. Whenever a deposition involves the disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the deposition or portions thereof or exhibits thereto shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions or exhibits thereto as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after transcription, provided written notice of the designation is given to all Counsel of Record within five (5) days after notice by the court reporter of the completion of the transcript. No deposition

transcript may be read by or disclosed to anyone other than Counsel of Record, the court, and the deponent during such five-day period.

Subject to the further limitations on disclosures set forth in this Protective Order, no person identified in paragraph 8(b)-(c) (any representative of the persons identified in paragraph 8(b)-(c) are referred to herein as "Party Representative") shall be allowed to attend, or review those portions of the depositions or deposition transcripts of any adverse Party Representative that involve the disclosure of "ATTORNEYS' EYES ONLY" information or exhibits. This paragraph does not limit Party Representatives from attending or reviewing those portions of depositions or deposition transcripts of any adverse Party Representative that do not involve the disclosure of "ATTORNEYS' EYES ONLY" information or exhibits. This paragraph does not limit a Party Representative of one party from attending or reviewing the depositions or deposition transcripts of any other Party Representative of the same party.

7. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material shall be used solely for purposes of this civil action and not for any other purpose or publication whatsoever, whether directly or indirectly, unless otherwise stipulated in writing by the party or third party who designated such material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or if authorized by the Court.

8. Except as provided in Paragraph 12, access to "CONFIDENTIAL" material is limited to the following persons, in accordance with the limitations and procedures set forth herein:

    a. Any attorney that has entered their appearance in this civil action on behalf of a party to this civil action ("Counsel of Record"), and their respective associates, paralegals, secretaries and other personnel regularly employed by

the Counsel of Record to the extent necessary to assist in the conduct of this action;

b. Plaintiff, CSI,. or any of the Third Party Defendants, as reasonably necessary for purposes of this case, upon execution by each person to whom disclosure is to be made of the undertaking in Exhibit A;

c. Defendant, CSB, as reasonably necessary for purposes of this case, upon execution by each person to whom disclosure is to be made of the undertaking in Exhibit A;

d. independent experts, advisers, or consultants retained by any party or its attorneys in connection with the action who have executed the undertaking annexed as Exhibit B, and compliance with the further requirements of Paragraph 11, below;

e. the Court, if the designated material is filed pursuant to Paragraph 13 or disclosed pursuant to Paragraph 20 of this Order;

f. court reporters;

g. photocopy services, provided that Counsel of Record for the party utilizing such photocopy services has provided a copy of this Order and instructed such service in the proper handling of documents covered by this Order;

h. graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action who have executed the undertaking annexed as Exhibit B;

      i. document imaging and database services and consultants retained to set up, maintain and/or operate electronic databases who have executed the undertaking annexed as Exhibit B; and

      j. any other person upon such terms and conditions that the parties may agree or as the Court may hereafter by order direct, who have executed the undertaking annexed as Exhibit A or B, as appropriate.

9. Except as provided in Paragraphs 12 and 18, "ATTORNEYS' EYES ONLY" material may not be disclosed, summarized and described, revealed or otherwise made available in whole or in part to anyone other than those persons identified in Paragraph 8(a) and 8(d) - (j).

10. Before any disclosure of "CONFIDENTIAL" material to an individual identified in Paragraph 8(b) - 8(d) or 8(h) - 8(j), or "ATTORNEYS' EYES ONLY" material to an individual identified in Paragraphs 8(d), 8(h) - 8(j) or 18, Counsel of Record for the receiving party shall require the individual to execute the undertaking annexed as Exhibit A or B, as appropriate, shall retain such undertaking in its files, and shall comply with the further requirements of Paragraph 11 below, as appropriate.

11. Prior to the disclosure of "ATTORNEYS' EYES ONLY" information to an individual identified in Paragraph 8(d), Counsel of Record shall provide all other parties with a summary of the background and the current and any planned industry affiliation of such individual as well as an executed copy of the undertaking annexed as Exhibit B ("Notice"). Such Notice shall be deemed received when sent if transmitted by e-mail or by facsimile with confirmation of transmission. Within five (5) business days of such Notice being sent, any party may object to the disclosure of "ATTORNEYS' EYES ONLY" material or information, in whole or in part, to the individual identified in the Notice. There shall be no disclosure of any

"ATTORNEYS' EYES ONLY" material to the individual identified in the Notice during the five-day period in which objections may be made. In the event of an objection to the disclosure of "ATTORNEYS' EYES ONLY" material or information to the individual, identified in the Notice, such individual shall not be provided with the "ATTORNEYS' EYES ONLY" material or information pending resolution of the objection. In order to resolve any such objection: (i) the parties will attempt in good faith to reach an agreement concerning disclosure of "ATTORNEYS' EYES ONLY" material or information to the individual identified; and (ii) if agreement is not reached, the party seeking to prevent disclosure of "ATTORNEYS' EYES ONLY" material or information to the identified individual may, within five (5) business days after asserting its objection to disclosure, file a motion seeking to prevent such disclosure. With respect to any motion brought pursuant to the preceding sentence, the party seeking to prevent disclosure will bear the burden of showing that the proposed disclosure should not be permitted.

12. Nothing herein shall be construed to limit or restrict a party from viewing its own "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, or from using its own "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in any way that the party or third party deems appropriate. In any deposition of this matter, a party may show "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information of another party or third party to a witness not otherwise entitled to see such information under this Order only under the following circumstances:

    a. where the witness is the author or recipient of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material; or

b. where the attorney examining the witness has a good faith basis to believe that the witness may have received the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material or the information contained therein.

In any hearing or trial of this matter, a party may show "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information of another party or third party to a witness not otherwise entitled to see such information under this Order only under the following circumstances:

a. where the witness is the author or recipient of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material;

b. where the attorney examining the witness has a good faith basis to believe that the witness may have received the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material or the information contained therein;

c. where the attorney examining the witness has a good faith basis to believe that disclosing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material or information is necessary to impeach or contradict the testimony of the witness; or

d. where the attorney examining the witness has a good faith basis to believe that disclosing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material or information is necessary for the purposes of rebuttal testimony.

13. If any party or third party files with the Court any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials of another party or any papers containing or revealing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information of another party, such

material and/or papers shall be filed under seal pursuant to D.C.COLO.LCivR 7.3 and shall be accompanied by a motion to seal filed pursuant to D.C.COLO.LCivR 7.2.

14. This Order shall not prejudice, in any way, any claim or defense or the right of any party or third party: (a) to object to a request for discovery on any ground; (b) to object to the introduction into evidence of any information or documents on any ground; (c) to seek additional protective or exclusionary treatment from the Court for any such material or document; (d) to object to the designation of any document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or (e) to seek any modification of or relief from any provision of this Order, either generally or as to any particular material. Acceptance by Counsel of Record or a party of information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a concession that the designated information is in fact confidential. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding.

15. If a party disagrees with the designation of any particular material or testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("Objecting Party"), the parties shall attempt in good faith to resolve the dispute by agreement.

a. The Objecting Party shall request from the disclosing party or third party, in writing, that such designation be withdrawn with respect to the specified information or testimony. The Objecting Party shall describe with particularity the designated information or testimony and shall set forth the reason(s) why the information or testimony in question should not be classified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("Designation Objection") The disclosing party or third party shall respond to the Designation Objection in

writing within seven (7) days of receipt of such request, either (a) agreeing with the request whereupon the specified information in question shall no longer be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information under this Order; or (b) declining the request and setting forth why the information in question should continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information under this Order.

  b. Within ten (10) days of sending the Designation Objection, the Objecting Party shall send one of the following notices, in writing, to the disclosing or third party, titled as either "WITHDRAWAL OF DESIGNATION OBJECTION" or "DESIGNATION MOTION REMINDER." A "WITHDRAWAL OF DESIGNATION OBJECTION" notice means that the Objecting Party withdraws the Designation Objection and the original confidentiality designation stands. A "DESIGNATION MOTION REMINDER" means that either the Objection Party rejects the disclosing party's or third party's response to the Designation Objection, or that the disclosing party or third party has failed to timely respond to the Designation Objection as required by paragraph 15.a. In either scenario, the disclosing party or third party must file a timely motion as described paragraph 15.c. or lose its confidentiality designation as described in paragraph 15.d.

  c. If the parties cannot agree to the appropriate designation within fourteen (14) days after the objecting party's request, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order no more fourteen (14) days after the objecting party's request. From the time of designation to and through the filing and ruling of such a motion, the original designation of the producing party or third party shall stand.

d.  If the disclosing party or third party fails to file such a motion within the prescribed time, the disputed information shall lose its confidentiality designation and shall not thereafter be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  In connection with a motion filed under this provision, the disclosing party or third party designating the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall bear the burden of establishing that the disputed information is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

e.  The parties agree that each party's respective source code is presumed to be "ATTORNEYS' EYES ONLY" information, regardless of whether a party has appropriately designated or labeled source code as "ATTORNEYS' EYES ONLY" information.

16.  Inadvertent or unintentional omission to designate any document, testimony or other information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not prejudice any claim that such documents, testimony or other information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  No party or third party shall be held to have waived any rights of confidentiality by such inadvertent or unintentional omission; provided, however that there shall be no liability by the receiving party or its counsel for disclosure of such allegedly "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" document or other information during the time that it did not know that a claim of confidentiality would be made by the producing party or third party.  Inadvertent failure to designate any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" can be cured by forwarding to counsel for the receiving party a detailed description of the materials considered to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as soon as practicable after discovery of the inadvertent or unintentional disclosure.  Following any re-designation, the receiving party shall take reasonable steps to

comply with the re-designation including, to the extent possible, requesting the return of all copies and excerpts of any re-designated material from persons not entitled to receive it, but such receiving party shall have no liability for the consequences of any disclosure that occurred prior to the re-designation or its inability, after good faith effort, to retrieve materials following the re-designation.

17. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose or summarize the contents or substance of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person not entitled to disclosure of such information under the terms of this Order. Notwithstanding the foregoing, Counsel for CSI and Counsel for CSB have agreed to designate summary reports showing each Parties respective alleged date of first use of the disputed mark by State as "CONFIDENTIAL."

18. With respect to "ATTORNEYS' EYES ONLY" material only, beginning thirty (30) days prior to trial and continuing through the completion of the trial, such material may be disclosed to Party Representatives and to the officers or managers of entity parties expected to testify at trial, but only to the extent reasonably necessary for such individuals to prepare to testify. Prior to disclosure pursuant to this Paragraph 18, each person to whom disclosure is to be made shall execute the undertaking annexed as Exhibit B.

19. This Order may only be amended by written order of the Court, for good cause shown.

20. At least five (5) days (or such shorter period as the Court may allow or the circumstances require) before seeking to introduce into evidence or disclosing in any hearing before the Court or at trial the contents of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material of any other party, the party seeking to introduce or disclose such material shall so inform the party who originally designated it "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and the designating party may then apply to the Court for appropriate protection, including clearing the courtroom of persons not entitled to access to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material during its introduction or disclosure and sealing of the record of the proceedings.

21. Within ninety (90) days after the disposition of this civil action, whether through final judgment, settlement, or otherwise, including all appeals, counsel and any person authorized by this Order to receive "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material shall return such material to counsel for the producing party or third party. At the option of the party who produced the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, Counsel of Record may provide certification that such material has been destroyed instead of returning it. Such material shall consist of all originals, copies, and other writings, except work product, containing or referring to any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material. Counsel of Record shall be entitled to retain documents filed with the Court, memoranda, declarations or affidavits, written responses to discovery requests, deposition transcripts and work product that contain or refer to any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material to the extent necessary to preserve a litigation file in this case. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" material in such litigation file shall be placed in a sealed file container prominently labeled as containing "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" material with a further statement that the contents may not be reproduced or disclosed to anyone other than Counsel of Record and their staff without the express authorization of the person serving as lead Counsel of Record, and only in accordance with the terms of this Order. The provisions of this Paragraph 21 shall apply as well to a producing party dismissed prior to the conclusion of this action.

22. Any third party who designates material produced or disclosed in this matter "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" consents to this Court's jurisdiction for purposes of enforcing this Order only and may also move the Court to enforce the provisions of this Order against the disclosure or threatened disclosure of such material.

23. The terms of this Order shall survive and remain in full force and effect after the termination of this civil action and the Court shall retain jurisdiction over the parties and all other persons who have received or produced material for the purpose of enforcing the terms of this Order.

SO ORDERED THIS 20th day of February, 2008.

BY THE COURT:

s/Richard P. Matsch

_____
United States District Court Judge

APPROVED BY:

s/Kurt Lewis
_____

Kurt Lewis
**AYD JOHNSON LEWIS LLC**
2025 York Street
Denver CO 80205
(303) 864-0978
(303) 758-3273 fax

And
David Fein
**SCHEID CLEVELAND & FEIN, LLC**
2300 15th Street, Suite 320
Denver, Colorado 80204
(303) 534-5040
(303) 534-5039 fax

**ATTORNEYS FOR PLAINTIFF AND THIRD PARTY DEFENDANTS**


s/Shawn M. Dellagar
_____

Shawn M. Dellegar, OBA #20973
sdellegar@hjklaw.com
Cassandra L. Wilkinson, OBA #20368
cwilkinson@hjklaw.com
Mark G. Kachigian, OBA #4852
mkachigian@hjklaw.com
**HEAD, JOHNSON & KACHIGIAN, P.C.**
228 West 17th Place
Tulsa, Oklahoma  74119
Telephone:       (918) 587-2000
Facsimile:       (918) 584-1718

And
M. Shane Edgington
Katherine E. Condit
**HENSLEY KIM & EDGINGTON, LLC**
1660 Lincoln Street, Suite 3050
Denver, CO 80264
(720) 377-0770

**ATTORNEYS FOR DEFENDANT AND THIRD PARTY PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:07-cv-01027-RPM

CAPITAL STEEL INDUSTRIES, LLC

       Plaintiff,

v.

CAPITAL STEEL BUILDINGS, INC.

       Defendant,

v.

CAPTIAL STEEL INDUSTRIES, LLC, d/b/a CAPTIAL STEEL METAL BUILDINGS, CAPTIAL STEEL AND WWW.CAPITALSTEELINDUSTRIES.COM;
GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL AND GENERAL STEEL METAL BUILDINGS;
GENERAL STEEL, INC.; and
JEFFREY KNIGHT, Individually and in his official capacity as President, Chief Executive Officer, and owner of Capital Steel Industries, LLC, General Steel Domestic Sales, LLC and General Steel, Inc.

       Third Party Defendants.

---

**UNDERTAKING TO PROTECT
"CONFIDENTIAL" MATERIAL**

---

The undersigned represents and agrees that:

    1.    I have carefully read and understand the provisions of the Protective Order in this case and will comply with all of the provisions of the Protective Order.

    2.    I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any "CONFIDENTIAL" information or any summaries, abstracts or indices of such information disclosed to me.

    3.    I will return all "CONFIDENTIAL" information and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained upon request.

4. I agree that I will not use "CONFIDENTIAL" information for any purpose other than in the prosecution or defense of the civil action, as defined in the Protective Order.

5. I acknowledge that if I violate the Protective Order or this Undertaking that such violation may cause irreparable harm for which money damages will be an insufficient remedy and that appropriate injunctive relief may be necessary. I irrevocably consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings to enforce the Protective Order or this Undertaking against me.

Date: _____    By: _____

                                              Printed Name: _____

                                              Address: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:07-cv-01027-RPM

CAPITAL STEEL INDUSTRIES, LLC

       Plaintiff,

v.

CAPITAL STEEL BUILDINGS, INC.

       Defendant,

v.

CAPTIAL STEEL INDUSTRIES, LLC, d/b/a CAPTIAL STEEL METAL BUILDINGS, CAPTIAL STEEL AND WWW.CAPITALSTEELINDUSTRIES.COM;
GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL AND GENERAL STEEL METAL BUILDINGS;
GENERAL STEEL, INC.; and
JEFFREY KNIGHT, Individually and in his official capacity as President, Chief Executive Officer, and owner of Capital Steel Industries, LLC, General Steel Domestic Sales, LLC and General Steel, Inc.

       Third Party Defendants.

---

**UNDERTAKING TO PROTECT "CONFIDENTIAL"
and "ATTORNEYS' EYES ONLY" MATERIAL**

---

The undersigned represents and agrees that:

    1.   I have carefully read and understand the provisions of the Protective Order in this case and will comply with all of the provisions of the Protective Order.

    2.   I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or any summaries, abstracts or indices of such information disclosed to me.

    3.   I will return all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information and summaries, abstracts and indices thereof which come into my possession, and documents or

things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained upon request.

      4.    I agree that I will not use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information for any purpose other than in the prosecution or defense of the civil action, as defined in the Protective Order.

      5.    I agree to return to the attorney who provided it or to destroy any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material provided to me.

      6.    I acknowledge that if I violate the Protective Order or this Undertaking that such violation may cause irreparable harm for which money damages may be an insufficient remedy and that appropriate injunctive relief may be necessary. I irrevocably consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings to enforce the Protective Order or this Undertaking against me.

Date: _____      By: _____

                                  Printed Name: _____

                                  Address: _____